SCOTT v DEPARTMENT OF NATURAL RESOURCES

Docket No. 94777. Submitted July 7, 1987, at Lansing. Decided June 7, 1988.

Regan Scott brought an action in the Court of Claims against the Department of Natural Resources after plaintiff sustained injuries when his head hit an object while he was swimming at Silver Lake in the Pinckney Recreation Area. Plaintiff set forth various theories of recovery, including nuisance. The Court of Claims, James T. Kallman, J., granted defendant's motion for summary disposition, finding the defendant entitled to governmental immunity. Plaintiff appealed from the opinion and order of the trial court.

The Court of Appeals *held:*

There is no intentional nuisance exception to governmental immunity, and, that being plaintiff's sole basis for this appeal, the Court of Claims grant of summary disposition is affirmed.

Affirmed.

GOVERNMENTAL IMMUNITY — INTENTIONAL NUISANCES.

There is no intentional nuisance exception to the doctrine of governmental immunity.

*Egnor, Hamilton & Muth* (by *Walter K. Hamilton*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Vincent J. Leone,* Assistant Attorney General, for defendant.

Before: M. J. KELLY, P.J., and BEASLEY and P. EDWARDS,* JJ.

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

---

REFERENCES

Am Jur 2d, States, Territories, and Dependencies §§ 99 *et seq.*

Am Jur 2d, Municipal, School, and State Tort Liability §§ 293 *et seq.*

State's immunity from tort liability as dependent on governmental or proprietary nature of function. 40 ALR2d 927.

P. Edwards, J. Plaintiff appeals as of right from an August 7, 1986, opinion and order of the Court of Claims which granted summary disposition to defendant.

On June 13, 1983, plaintiff, a nineteen-year-old man, sustained serious but nonpermanent injuries after his head struck an object which jutted up from the lake bottom while he was swimming at Silver Lake in the Pinckney Recreation Area. After receiving medical treatment, plaintiff returned to the scene and showed investigators the point in the water where he had hit his head. At that point, approximately thirty to thirty-five feet from the shoreline, was a large submerged boulder. Since that time, the boulder has been surveyed and marked by plaintiff, who requested that the Department of Natural Resources remove it as a continuous danger to the public. The DNR has refused to do so.

Plaintiff commenced this action against defendant on December 7, 1983, in the Court of Claims. Plaintiff set forth various theories of recovery against the DNR, including nuisance.

In an August 13, 1985, opinion and order, the Court of Claims ruled on a motion for summary disposition by the defendant. The court held that the claim that defendant was negligent in failing to correct a known danger was for omissive conduct which fell within the category of a negligent nuisance. The court ruled that such conduct remains protected by governmental immunity, citing *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978). Further, the court held that the alleged conduct of the defendant in placing the boulder in the water at Silver Lake was an allegation of an affirmative act or an intentional nuisance.

Defendant's motion for summary disposition was granted as to all of plaintiff's claims except that which alleged an intentional nuisance by defendant's placing the boulder in the water at Silver Lake.

Thereafter, plaintiff's proofs as to nuisance were confined to showing that the DNR actually placed the boulder in the water at Silver Lake.

On November 18, 1985, defendant renewed the motion for summary disposition pursuant to MCR 2.116(C)(10) and on February 26, 1986, the parties argued defendant's renewed motion. On August 7, 1986, the Court of Claims granted defendant's motion, stating, inter alia:

Whether or not the judicially created nuisance exception to governmental immunity survived *Ross v Consumers Power Co [On Rehearing]*, 420 Mich 567 [363 NW2d 641] (1984), is questionable. (See Judge MacKenzie's concurrence in *Bradford v Michigan* [153] Mich App [756; 396 NW2d 522 (1986)], and the end of footnote 27 of the *Ross* decision.) In any event, this Court is not persuaded that the Plaintiff has established that a nuisance per se or an intentional nuisance existed, *Ford v Detroit*, 91 Mich App 333 [283 NW2d 739] (1979); *Furness v Public Service Comm*, 100 Mich App 365 [299 NW2d 35] (1980).

It is the position of the plaintiff on appeal that defendant created an intentional nuisance by its placement or maintenance of the boulder in the lake which was open to the public for swimming. Thus, to sustain plaintiff's claim, the crucial question is whether there is an intentional nuisance exception to the doctrine of governmental immunity.

Our Supreme Court recently addressed the question "whether, in light of the governmental tort

liability act and *Ross, any* common-law tort-based [nuisance] exception to governmental immunity may be recognized." (Emphasis in original.) *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139, 145; 422 NW2d 205 (1988). The Court examined the legislative intent behind § 7 of the act, which provides in relevant part:

> Except as otherwise provided in this act, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided in this act, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed before July 1, 1965, which immunity is affirmed. [MCL 691.1407; MSA 3.996(107).]

The Court determined that § 7 "requires a continuation of the nuisance exception as formulated prior to the enactment of the governmental immunity act in 1964, as amended by 1970 PA 155." *Hadfield, supra,* p 149. The Court then limited the exception to the type of historic governmental nuisance liability that was recognized prior to 1964 and held there is a limited trespass-nuisance, or intruding nuisance, exception to governmental immunity. *Hadfield, supra,* pp 145; 169. The Court found no pre-1964 case law that recognized or applied either an intentional or a negligent nuisance exception in any form. *Hadfield, supra,* p 170.

Therefore, there being no intentional nuisance exception to governmental immunity, *Hadfield, supra,* and that being plaintiff's sole basis for appeal, the Court of Claims' grant of summary disposition to defendant is affirmed.

Affirmed.