LI v WONG (ON REMAND)

Docket No. 109337. Submitted June 9, 1988, at Lansing. Decided July 19, 1988. Leave to appeal applied for.

Chen Li brought an action in the Washtenaw Circuit Court against Chu-Fen Wong, the City of Ann Arbor and its transportation director and operations engineer alleging negligence and intentional nuisance. The trial court, William F. Ager, Jr., J., granted defendants summary disposition. Plaintiff appealed and the Court of Appeals affirmed in part, reversed in part and remanded. 162 Mich App 767 (1987). Therein, the Court of Appeals stated that the intentional nuisance exception to governmental immunity applied in Michigan. Defendants sought leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded to the Court of Appeals for reconsideration in light of *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139; 422 NW2d 205 (1988). 430 Mich 882 (1988).

The Court of Appeals, on remand, *held:*

There were only three votes in *Hadfield* to overrule the prior precedent which recognized an intentional nuisance exception to governmental immunity. The doctrine of stare decisis mandates that the Court of Appeals continue to apply the intentional nuisance exception to governmental immunity. The Court of Appeals properly applied the law in its prior opinion in this case.

The original opinion and judgment of the Court of Appeals is reinstated and the matter is remanded to the trial court for further proceedings.

1. COURTS — STARE DECISIS.

The Court of Appeals is bound by the doctrine of stare decisis to follow precedent established by the Supreme Court until a majority of the justices make a change in the precedent.

REFERENCES

Am Jur 2d, Courts §§ 183-203.

Am Jur 2d, Nuisance § 55.

Binding effect upon state courts of opinion of United States Supreme Court supported by less than a majority of all its members. 65 ALR3d 504.

2. GOVERNMENTAL IMMUNITY — INTENTIONAL NUISANCE EXCEPTION.
  Supreme Court precedent recognizes an intentional nuisance
  exception to governmental immunity; the Supreme Court did
  not overrule such precedent in *Hadfield v Oakland Co Drain
  Comm'r,* 430 Mich 139 (1988).

*Pauline R. Rothmeyer,* for plaintiff.

*Ronald J. Plunkett,* for City of Ann Arbor, Kenneth Feldt and John Robbins.

ON REMAND

Before: SAWYER, P.J., and BEASLEY and SULLIVAN, JJ.

SAWYER, P.J. This Court originally reversed the trial court's grant of summary disposition in favor of defendants on plaintiff's claim of intentional nuisance. *Li v Wong,* 162 Mich App 767; 413 NW2d 493 (1987). This matter is once again before us, the Supreme Court vacating our prior opinion and remanding "for reconsideration in light of *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139 [422 NW2d 205] (1988)." 430 Mich 882 (1988).

The essential question in this case is whether the intentional nuisance exception to governmental immunity survived the Supreme Court's decision in *Hadfield, supra.* While the three-justice plurality led by Justice BRICKLEY clearly holds that there is no intentional nuisance exception to governmental immunity,[1] we do not believe that the opinions of the concurring justices can be read as providing the crucial fourth vote to overrule prior precedent which recognizes the intentional nuisance exception.

Turning first to Justice BOYLE's concurring opin-

[1] *Hadfield, supra* at 172.

ion, there are a number of points which suggest that Justice BOYLE was not willing in *Hadfield* to overrule the intentional nuisance exception to governmental immunity. In her opening paragraph, Justice BOYLE notes that "it is unnecessary to conclude that the common-law nuisance exception includes only those theories expressly necessary to a prior Michigan decision." *Id.* at 205. Justice BOYLE goes on to note that the plurality would limit any private remedy for a public nuisance "to that which is sought for an invasion which is directly analogous to trespass nuisance." *Id.* The justice specifically disagreed that the common law required such a limitation. *Id.* Finally, in the last two paragraphs of her decision, Justice BOYLE explains why she agrees with the result reached by the plurality. In particular, she explains that she agrees with the result reached by the plurality in the companion case of *Veeneman v Michigan,* noting that that case "must be reversed as far as it recognizes an intentional nuisance exception to governmental immunity *on the basis of the facts of the case." Id.* at 209 (emphasis added). She goes on to concur with the result reached by the plurality in the companion case of *Landry v Detroit* for the same reasons.

It is important to note that Justice BOYLE agreed with the plurality that our Court's decisions in those two cases needed to be reversed, but did so on the basis that the intentional nuisance exception was not applicable on the facts of those cases and not that intentional nuisance was not an exception to governmental immunity. In sum, in light of Justice BOYLE's comments that the plurality's decision was overbroad and that her result in *Veeneman* and *Landry* was restricted to the facts of those cases, we conclude that Justice BOYLE's opinion in *Hadfield* cannot be read as voting to

overrule prior precedent and abolish the intentional nuisance exception to governmental immunity.

Turning to Justice LEVIN's opinion, the justice agreed with Justice BOYLE that the nuisance claims in *Veeneman* and *Landry* could not be maintained on the basis of the facts of those cases. *Id.* at 209-210. Because the actions could not be maintained on the facts in those cases, Justice LEVIN went on, *id.* at 210, to opine that it was unnecessary to consider the correctness of prior precedent which addressed the intentional nuisance exception:

> Because a majority of the Court agrees that nuisance actions cannot be maintained in *Veeneman* and *Landry,* disposition of the instant cases does not require that we decide whether this Court erred in holding that an action for nuisance may be maintained on the facts of *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Hwys,* 403 Mich 149; 268 NW2d 525 (1978).[4]

[4] While this Court, in granting leave to appeal, sought to more fully define the nuisance exception, the basis of disposition in *Veeneman* and *Landry* appears to be—without regard to whether the owner of the property is a government or private person—that there is no tort liability. The result in those cases would probably be the same if, in *Veeneman,* a private person owned the sand dunes and charged a fee for admittance or if, in *Landry,* the government had privatized the operation of the courthouse.

Justice LEVIN then went on to factually distinguish *Veeneman* and *Landry* from the prior Supreme Court decisions in *Rosario, supra,* and *Gerzeski, supra.* In light of his analysis, we believe that Justice LEVIN's opinion indicates that he was not voting to overrule the prior precedent, particularly *Rosario* and *Gerzeski,* and, therefore, his

opinion cannot be viewed as providing the crucial fourth vote to abolish the previously recognized intentional nuisance exception to governmental immunity.

The final opinion to be considered is that of Justice ARCHER, who concurred in part and dissented in part. That opinion clearly indicates that Justice ARCHER believes that intentional nuisance should remain an exception to governmental immunity, stating that he "would hold that trespass, nuisance, and intentional nuisance, as well as nuisance per se, are exceptions to governmental immunity." *Hadfield, supra* at 213.

We finally note that Justice GRIFFIN took no part in the decision. *Id.* at 216.

In light of the opinions of the various justices, we conclude that in *Hadfield, supra,* there were only three votes to overrule the prior precedent which recognized an intentional nuisance exception to governmental immunity. We recognize that it is entirely possible that the Supreme Court may at some point rule that intentional nuisance is no longer an exception to governmental immunity. Firstly, Justice GRIFFIN has not yet offered an opinion on the subject. He might well provide the fourth vote necessary to overrule precedent. For that matter, it is not outside the pale to speculate that either Justice BOYLE or Justice LEVIN could, in a future case, join *Hadfield's* three-justice plurality in abolishing the intentional nuisance exception inasmuch as their decisions in *Hadfield* were more concerned with the facts of the cases before that Court than addressing the question of the continuing viability of the intentional nuisance exception. Only Justice ARCHER has strongly expressed his opinion that intentional nuisance should continue to be an exception to the doctrine of governmental immunity.

Although it may come to pass that the Supreme Court will some day hand down a majority decision which abolishes the intentional nuisance exception to governmental immunity, it is not the role of this Court to anticipate the future decisions of the Supreme Court. See *People v Mitchell*, 428 Mich 364, 369-370; 408 NW2d 798 (1987). We are bound by the doctrine of stare decisis to follow the precedent as established by the Supreme Court until such time as a majority of the justices make a change in that precedent, regardless of our own opinion or our beliefs concerning what changes the Supreme Court may make in the future. *Id.* Inasmuch as we conclude that a majority of the justices of the Supreme Court have not yet voted to overrule prior precedent concerning the intentional nuisance exception to governmental immunity, the doctrine of stare decisis mandates that we continue to apply that exception until directed to do otherwise.

Inasmuch as we conclude that the intentional nuisance exception to the doctrine of governmental immunity survived the Supreme Court's decision in *Hadfield, supra,* and since we believe that we correctly applied that doctrine in our prior decision in the case at bar, we reinstate our original opinion and judgment.

The matter is remanded to the trial court for further proceedings consistent with this opinion and our prior opinion. We do not retain jurisdiction. Appellees may tax costs, if any, on remand only.