GARCIA v CITY OF JACKSON (ON REMAND)

Docket No. 109324. Submitted June 9, 1988, at Lansing. Decided
January 17, 1989. Leave to appeal granted, 432 Mich —.

Manual Garcia, Sr., individually and as personal representative
of the estate of Javier Garcia, and others brought an action in
Jackson Circuit Court against the City of Jackson. Plaintiffs'
complaint alleged that decedent drowned as a result of defen-
dant's failure to place a grating over an opening at Holden
Dam and that such failure constituted a nuisance per se and
nuisance in fact. Defendant moved for summary judgment
under the recreational use act. The trial court, James G.
Fleming, J., granted the motion, but permitted plaintiffs to
amend their complaint. After amendment of the complaint,
defendant again moved for summary judgment. The trial court
treated the motion as one seeking summary judgment on the
basis of governmental immunity and granted the motion. Plain-
tiffs appealed. The Court of Appeals reversed and remanded,
holding that the claims of nuisance per se and nuisance in fact
were not barred by governmental immunity and that plaintiff
had adequately alleged wilful and wanton misconduct so as to
remove the claim from the operation of the recreational use
act. 152 Mich App 254 (1986). The Court of Appeals certified
that its opinion was in conflict with other decisions of the Court
of Appeals. Defendant sought leave to appeal to the Supreme
Court, which ordered the matter held in abeyance pending
decision in several pending cases. Following its decision in
*Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139 (1988), the
Supreme Court, in lieu of granting leave to appeal, vacated the
judgment of the Court of Appeals and remanded for reconsider-
ation in light of *Hadfield.* 430 Mich 877 (1988).

On remand, the Court of Appeals *held:*

Since the majority of the justices did not vote to override
prior precedent concerning the intentional nuisance exception

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability
§§ 159 *et seq.*
See the Index to Annotations under Governmental Immunity or
Privilege; Nuisances.

to governmental immunity so as to establish binding precedent in future cases, claims based on intentional nuisance continue not to be barred by governmental immunity.

Reversed and remanded.

MacKenzie, J., dissented. She would hold that, while no one view of the scope of the nuisance exception commanded a majority of the Supreme Court, the nature of the nuisance claim pled here would not come within the scope of a nuisance action which a majority of the Supreme Court would hold to be necessary to avoid governmental immunity. She would affirm the trial court's grant of summary judgment in favor of defendant.

Nuisance — Intentional Nuisance — Governmental Immunity.

A majority of the Supreme Court has not voted to override prior precedent concerning the intentional nuisance exception to governmental immunity; accordingly, claims of intentional nuisance remain not barred by governmental immunity.

*Mark T. Light & Jan Paul Benedict*, for plaintiffs.

*Stanton, Bullen, Nelson, Moilanen & Klaasen, P.C.* (by *Charles A. Nelson*), for defendant.

ON REMAND

Before: Cynar, P.J., and MacKenzie and Wahls, JJ.

Cynar, P.J. Plaintiffs appealed as of right from an April 12, 1985, judgment of the circuit court granting the defendant's motion for summary judgment based on governmental immunity.

The Court of Appeals in its opinion of June 2, 1986, concluded that the plaintiffs had stated a claim upon which relief could be granted and reversed the grant of summary judgment in favor of defendant. This Court concluded that plaintiffs had stated a claim of intentional nuisance which avoided the defense of governmental immunity.

Additionally, this Court concluded that plaintiffs' allegations of wilful and wanton misconduct were sufficient to remove this case from the scope of the recreational use act. This Court remanded the case for further proceedings consistent with its opinion. *Garcia v City of Jackson,* 152 Mich App 254; 393 NW2d 599 (1986). Defendant filed an application for leave to appeal with the Supreme Court.

The Supreme Court, in its order of August 25, 1986, stated that it had considered the certification by the Court of Appeals pursuant to Administrative Order 1984-2 that the decision in the instant case is in conflict with its decisions in *Ford v Detroit,* 91 Mich App 333; 283 NW2d 739 (1979), and *Furness v Public Service Comm,* 100 Mich App 365; 299 NW2d 35 (1980), but ordered that the accompanying application for leave to appeal was held in abeyance pending the decision in *Rushing v Wayne Co* (Docket No. 74724), *Hadfield v Oakland Co Drain Comm'r* (Docket No. 75494), *Veeneman v State of Michigan,* (Docket No. 76815), *Landry v Detroit* (Docket No. 77011), and *McCaul v Village of Lake Odessa* (Docket No. 78233). The decisions in those cases having been issued on March 29, 1988, in *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139; 422 NW2d 205 (1988), the application was again considered and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, the judgment of the Court of Appeals was vacated and the case was remanded to this Court for reconsideration in light of *Hadfield.* 430 Mich 877 (1988).

In its original opinion, this Court noted that plaintiffs appealed the trial court's finding that plaintiffs had failed to plead an intentional nuisance. Plaintiffs claimed that defendant intentionally created and maintained a structure that presented a danger to the public. The complaint

further alleged that defendant knew of the specific danger since another boy had previously drowned in the vicinity of the box section and members of the public petitioned defendant to improve the dam. Plaintiffs cited several omissions on the part of defendant, including the failure to erect a grating over the conduit's opening, to provide proper warnings, and to implement safety regulations. The Court of Appeals[1] concluded that the elements of intentional nuisance were sufficiently stated by the plaintiffs to avoid the defense of governmental immunity. Further, plaintiffs' allegations of wilful and wanton misconduct, if proved, would remove this case from the scope of the recreational use act.

It is difficult to extract the conclusion that there is no intentional nuisance exception to governmental immunity since in *Hadfield,* which is the last word on the matter, the majority of the justices did not vote to override prior precedent concerning the intentional nuisance exception to governmental immunity so as to establish any new binding precedent for future cases. There was a majority for the result only. *Negri v Slotkin,* 397 Mich 105; 244 NW2d 98 (1976); *People v Mitchell,* 428 Mich 364; 408 NW2d 798 (1987); *Li v Wong (On Remand),* 170 Mich App 256; 428 NW2d 36 (1988).

Further, the result and the language in *Burnett v City of Adrian,* 414 Mich 448; 326 NW2d 810 (1982), are strongly supportive of the conclusion that a case of wilful and wanton misconduct has been made out under the alleged facts in the case before us.

After much consideration, we reverse the trial court's dismissal of the intentional nuisance and wilful and wanton misconduct claims and remand to the trial court for further proceedings.

---

[1] Before Bronson, P.J., and R. B. Burns and R. C. Kaufman, JJ.

Reversed and remanded.

WAHLS, J., concurred.

MACKENZIE, J. *(dissenting)*. This nuisance action arises out of the drowning of Javier Garcia near the Holton Dam, located in defendant City of Jackson. In a previous opinion, this Court held that plaintiff's claim was not barred by governmental immunity. *Garcia v City of Jackson,* 152 Mich App 254; 393 NW2d 599 (1986). The case is now on remand to this Court for reconsideration in light of *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139; 422 NW2d 205 (1988). While the *Hadfield* Court failed to produce a majority opinion binding on this Court, see *Li v Wong (On Remand),* 170 Mich App 256; 428 NW2d 36 (1988), *Hadfield* nonetheless stands as persuasive authority. Contrary to the majority opinion, I interpret the Court's remand order as an express directive to this Court to consider this case in light of the *Hadfield* plurality views. Furthermore, I conclude that, under *Hadfield,* plaintiffs' nuisance claim is barred by governmental immunity.

Plaintiffs, in bringing a tort action against a governmental agency, bear the burden of pleading facts in their complaint which would justify a finding that recovery is not barred by the governmental immunity act. *Hyde v University of Michigan Regents,* 426 Mich 223, 261; 393 NW2d 847 (1986). This may be accomplished by stating a claim which fits into one of the four statutory exceptions included within the act, or by pleading facts which demonstrate that the tort occurred during the exercise or discharge of a nongovernmental or proprietary function. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 621, n 34; 363 NW2d 641 (1984). In *Hadfield,* all participating

justices agreed that pleading in avoidance of immunity may also be accomplished by stating a claim which falls within the judicially created nuisance exception to governmental immunity, although they disagreed upon the scope of the nuisance exception. See generally 430 Mich 145 (opinion of BRICKLEY, J., RILEY, C.J., and CAVANAGH, J., concurring), 430 Mich 204-205 (opinion of BOYLE, J.), 430 Mich 209 (opinion of LEVIN, J.), and 430 Mich 213 (opinion of ARCHER, J.). In this case, having failed to plead a governmental activity falling within one of the statutory exceptions or which is proprietary or nongovernmental, plaintiffs must have pled a proper nuisance claim in order to survive summary disposition.

In *Hadfield, supra,* a plurality of the Court concluded that the scope of the nuisance exception to governmental immunity is limited to instances of "trespass-nuisance." Trespass-nuisance is defined as "trespass or interference with the use or enjoyment of land caused by a physical intrusion that is set in motion by the government or its agents and resulting in personal or property damage." 430 Mich 169 (opinion of BRICKLEY, J.).

Plaintiffs in the instant case have clearly failed to plead trespass-nuisance. Plaintiffs' claim is that defendant failed to erect a grating over the dam's "box section" conduit opening, failed to provide proper warnings, and failed to implement safety regulations, which omissions created a structure dangerous to the public. Certainly, no trespass or intruding nuisance was pled. There is no allegation of physical invasion of private property, nor was there alleged interference with the use and enjoyment of plaintiffs' or plaintiffs' decedent's land.

Another *Hadfield* plurality concluded that the scope of the nuisance exception to governmental

immunity includes nuisances per se. See 430 Mich 207 (opinion of BOYLE, J.), 430 Mich 209 (opinion of LEVIN, J.), and 430 Mich 213 (opinion of ARCHER, J.). Nuisance per se is defined as an activity or condition which constitutes a nuisance without regard to the care with which it is conducted or the circumstances under which it exists. See *Bluemer v Saginaw Central Oil & Gas Service, Inc,* 356 Mich 399, 411; 97 NW2d 90 (1959), cited at 430 Mich 207 (opinion of BOYLE, J.). Nuisances per se do not arise out of negligent conduct, but from inherent danger even under the best of care. See 430 Mich 208 (opinion of BOYLE, J.)

I agree with the concurrence to this Court's previous opinion that plaintiffs have pled an intentional nuisance in fact, rather than a nuisance per se. 152 Mich App 273 (opinion of R. C. KAUFMAN, J.). In this case, the alleged nuisance is predicated on defendant's want of care in maintaining the dam, not a claim that the structure was unreasonable by its very nature.

Because, under either *Hadfield* plurality view, plaintiffs have failed to plead a nuisance falling within the nuisance exception to governmental immunity, I would affirm the trial court's grant of summary disposition in favor of defendant.