## YARRICK v VILLAGE OF KENT CITY

Docket No. 108965. Submitted June 14, 1989, at Grand Rapids. Decided October 2, 1989.

Nancy Yarrick suffered an injury when she stepped into a hole approximately twelve inches wide and ten to eleven inches deep at a roadside park owned and operated by the Village of Kent City. The hole was between the parking area and the rest room facilities at the rear of the park and was concealed by long grass. There were no sidewalks, improved areas, or signs marking ingress or egress from the driveway to the rest rooms. Yarrick was walking from the parking area toward the rest rooms when she stepped in the hole. Nancy Yarrick and her husband, James Yarrick, filed suit against the Village of Kent City in Kent Circuit Court alleging negligence and an intentional nuisance. Plaintiffs' pleadings included an allegation that the public building exception to governmental immunity from tort liability was applicable. The court, George R. Cook, J., granted summary disposition in favor of defendant, concluding that the claim was barred under the doctrine of governmental immunity and that the public building exception was not applicable. Plaintiffs appealed.

The Court of Appeals *held*:

1. The trial court did not err in concluding that the public building exception to governmental immunity was not applicable. The public building exception applies only to dangers actually presented by the building itself, not to dangers presented by the areas adjacent to the building.

2. Plaintiffs successfully pled in avoidance of immunity by alleging an intentional nuisance. The trial court improperly granted summary disposition as to plaintiffs' intentional nuisance claim.

Affirmed in part, reversed in part, and remanded for further proceedings.

GRIFFIN, J., dissented as to the majority's conclusion that the

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 159 *et seq.*, 294 *et seq.*

See the Index to Annotations under Governmental Immunity or Privilege.

trial court erred in granting summary disposition as to the intentional nuisance claim. He would hold that there is no intentional nuisance exception to governmental immunity. He would affirm the decision of the trial court.

1. GOVERNMENTAL IMMUNITY — PUBLIC BUILDING EXCEPTION.

The public building exception to governmental immunity applies to dangers actually presented by the building itself, not to dangers presented by the areas adjacent to the building (MCL 691.1406; MSA 3.996[106]).

2. NUISANCE — INTENTIONAL NUISANCE — GOVERNMENTAL IMMUNITY.

Claims of intentional nuisance are not barred by governmental immunity.

*Gray, Sowle & Iacco, P.C.* (by *Donald N. Sowle*), for plaintiffs.

*Bremer, Wade, Nelson, Mabbitt & Lohr* (by *Diane E. Goller*), for defendant.

Before: HOLBROOK, JR., P.J., and SAWYER and GRIFFIN, JJ.

SAWYER, J. Plaintiffs appeal from an order of the circuit court granting summary disposition in favor of defendant on the basis of governmental immunity. MCR 2.116(C)(7). We reverse.

Plaintiff Nancy Yarrick parked her car at a roadside park owned and operated by defendant. Among the facilities at the park were public rest rooms housed in a building in the back of the small park. There were no sidewalks, improved areas, or signs marking ingress and egress from the driveway to the rest rooms. Accordingly, plaintiff walked across the grass from the parking area towards the rest rooms. While doing so, she stepped into a hole approximately twelve inches wide and ten to eleven inches deep. As a result of the accident, plaintiff allegedly sustained a serious back injury. According to plaintiff, she could not

see the hole because it was concealed by the long grass.

Thereafter, plaintiffs filed a complaint alleging negligence and an intentional nuisance. Following a grant of summary disposition on the basis that plaintiffs had failed to plead in avoidance of immunity, plaintiffs filed a second amended complaint which included allegations of the public building exception. Defendant then moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10) and the recreational use statute, MCL 300.201; MSA 13.1485. The trial court granted the motion pursuant to MCR 2.116(C)(7), concluding that the claim was barred under the doctrine of governmental immunity, citing *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984). Furthermore, the court specifically indicated that the building exception did not apply.

Plaintiffs first argue that the trial court erred in concluding that the public building exception to governmental immunity did not apply to the instant case. We disagree.

The case at bar appears to be the first to raise the issue whether prior decisions of the Supreme Court which extended coverage of the building exception to areas immediately adjacent to a public building remain viable in light of the Supreme Court's decision in *Reardon v Dep't of Mental Health*, 430 Mich 398; 424 NW2d 248 (1988). We believe that cases decided prior to *Reardon*, most notably *Pichette v Manistique Public Schools*, 403 Mich 268; 269 NW2d 143 (1978), and *Tilford v Wayne Co General Hosp*, 403 Mich 293; 269 NW2d 153 (1978), would support the proposition that the public building exception to governmental immunity would apply in the case at bar. In *Pichette*, the Court applied the building exception where the plaintiff was injured on a permanently attached

playground slide immediately adjacent to a public school building. In *Tilford,* the Court applied the building exception where the plaintiff was injured when slipping on ice on a sidewalk immediately adjacent to a government-owned hospital. Under those decisions, we do not believe it would be improper to apply the building exception where an injury occurred while walking on a grassy area between a parking area and a public building, particularly where there were no sidewalks or other marked areas for ingress and egress to the building.

However, we believe that a more restrictive application of the building exception is called for in light of the decision in *Reardon, supra.* In *Reardon,* the Court analyzed the decisions in *Pichette* and *Tilford,* as well as other cases, noting that they utilized a broad application of the building exception to effectuate a legislative purpose of maintaining safe public places. The Court harmonized those prior decisions with its decision in *Reardon* by noting that those cases were decided prior to the decision in *Ross, supra.* The *Reardon* Court, *supra* at 413-414, distinguished those earlier cases as follows:

> The rather broad statement of the legislative purpose contained in the above cases could be explained by the fact that they were all decided prior to *Ross,* which expansively defined "governmental functions." Indeed, in *Pichette, supra* at 280, Justice FITZGERALD expressly adopted a narrow construction of "governmental function."

The Court then went on to consider its decision in *Jolly v City of St Clair,* 428 Mich 860; 400 NW2d 597 (1987), wherein it held that the building exception did not apply to an injury on a playground slide that was not adjacent to or part of a public

building. The *Reardon* Court then summarized its decision in *Jolly* and its decision in *Reardon* as follows:

> Thus, *Jolly* clarifies that the duty to maintain safe public places relates to, but does not extend beyond, the condition of a public building itself or the immediately adjacent premises. By today's holding, we wish to clarify that the duty imposed by the public building exception relates to dangers *actually presented by the building itself.* To hold otherwise would expand the exception beyond the scope intended by the Legislature when it enacted the immunity act. The Legislature intended to impose a duty to maintain safe public buildings, not necessarily safety *in* public buildings. [*Reardon, supra* at 415. Emphasis in original.]

Although the *Reardon* Court's statement to the effect that *Jolly* clarified that the duty to maintain safe public places related to buildings and the immediately adjacent premises could be read to indicate that the building exception continues to apply to the immediately adjacent premises, we believe that *Reardon* represents an abandonment of that doctrine. Specifically, the statement that the Court in deciding *Reardon* clarified "that the duty imposed by the public building exception relates to dangers actually presented by the building itself" represents a conclusion that the building exception applies only to the building itself and not to the adjacent areas. Such an interpretation of *Reardon* is consistent with the Court's distinguishing *Reardon* from *Pichette* and *Tilford* by the fact that they were decided *prior to Ross.*

Accordingly, we hold that the public building exception does not apply to the case at bar because a building itself was not involved in plaintiff's injuries.

We next turn to the question whether plaintiffs successfully pled in avoidance of immunity by alleging an intentional nuisance. We believe that they did. We begin by noting that it is not at all clear why the trial court held that plaintiffs' claims under intentional nuisance were barred by governmental immunity. The trial court issued no opinion beyond stating that summary disposition would be granted pursuant to *Ross, supra,* and that the building exception did not apply to the instant case. The trial court offered no comment concerning the intentional nuisance exception, although clearly the court had to reject the application of that exception to the instant case in order to grant summary disposition.

The first question to be answered is, of course, whether the intentional nuisance exception remains viable in light of the Supreme Court's decision in *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139; 422 NW2d 205 (1988). This Court has taken conflicting positions on this issue. In *Scott v Dep't of Natural Resources,* 169 Mich App 205; 425 NW2d 518 (1988), this Court held that the intentional nuisance exception to governmental immunity no longer exists. However, subsequent panels of this Court have held that the intentional nuisance exception survived the Supreme Court's decision in *Hadfield. Li v Wong (On Remand),* 170 Mich App 256; 428 NW2d 36 (1988); see also *Garcia v City of Jackson (On Remand),* 174 Mich App 373; 435 NW2d 796 (1989). Both *Li* and *Garcia* were subsequently followed by this Court in *McCracken v Redford Twp,* 176 Mich App 365; 439 NW2d 374 (1989), while *Scott* was recently followed in *Giddings v Detroit,* 178 Mich App 749; 444 NW2d 242 (1989). We believe that *Li* and its progeny correctly conclude that *Hadfield* did not overrule prior precedent and abolish the inten-

tional nuisance exception to governmental immunity. While it may be that the Supreme Court will eventually do so, until that time the exception remains applicable.

Moreover, having reviewed plaintiffs' pleadings, we conclude that plaintiffs did plead an intentional nuisance, though we offer no opinion as to the prospects of plaintiffs' prevailing at trial. Having concluded that the intentional nuisance exception to governmental immunity exists in Michigan and that plaintiffs pled an intentional nuisance, we conclude that the trial court improperly granted summary disposition under MCR 2.116(C)(7) on plaintiffs' intentional nuisance claims.

Affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.

GRIFFIN, J. *(concurring in part and dissenting part).* The present action arises from an alleged fall by plaintiff Nancy Yarrick into a hole located within a public park owned and maintained by governmental defendant Village of Kent City. Although plaintiffs' second amended complaint sounds in negligence,[1] it seeks to avoid the bar of

---

[1] See, for example, paragraphs:

18. That Defendant negligently failed to maintain the public rest room building and the ingress and egress thereto from the parking lot in a reasonably safe condition. . . .

19. That Defendant negligently failed to maintain and inspect the public rest room building and the ingress and egress thereto from the parking lot. . . .

20. That Defendant negligently failed to discover, correct and remedy the dangerous, defective and hazardous conditions. . . .

21. That the Defendant negligently failed to warn tourists and other persons using the public rest room building and the ingress and egress thereto from the parking lot of hazards and dangers then and there existing such as the grass-covered holes in the ground.

governmental immunity by pleading (Count I) the public buildings exception to governmental immunity (MCL 691.1406; MSA 3.996[106]) and (Count II) intentional nuisance.

I concur with my colleagues that the lower court was correct in granting summary disposition as to Count I for the well-stated reasons in the majority's opinion. I, however, respectfully dissent as to the majority's conclusion that the lower court

22. That Defendant negligently failed to fill in or correct the hazardous condition created by the holes in the ground in the grassy area of the park which provided ingress and egress to the public rest room building.

23. That the negligent acts of the Defendant as set forth herein did breach each and every duty on the part of said Defendant.

24. That as a direct and proximate result of Defendant's negligence, Plaintiff, Nancy J. Yarrick, suffered severe and permanent injuries. . . .

25. That as a proximate result of the Defendant's negligence as aforesaid, Plaintiff, Nancy J. Yarrick, has sustained the following damages. . . .

26. That as a proximate result of the Defendant's negligence as aforesaid, Plaintiff, James A. Yarrick, has sustained the following damages. . . .

\* \* \*

28. That Defendant, Village of Kent City, intentionally created or continued a nuisance, including, but not limited to:

A. Defendant improperly created and allowed to exist grass-covered holes in the grass area of the park between the parking lot and the public rest rooms;

B. Defendant failed to maintain the park premises in a reasonably safe condition for tourists and other persons;

C. Defendant failed to inspect the park premises so as to be aware of the dangerous, defective and hazardous conditions then and there existing;

D. Defendant failed to discover and remedy the dangerous, defective and hazardous conditions which were actually or constructively known or reasonably should have been known by Defendant for some time prior to Plaintiff's injury;

E. Defendant failed to fill in or correct the dangerous, defective and hazardous condition created by grass-covered holes in the ground in the grassy areas of the park;

F. Defendant failed to reasonably warn persons using the park premises of the hazards, defects and dangers actually or constructively known to the Defendant.

erred in granting summary disposition as to the intentional nuisance claim (Count II).

The governmental immunity statute, MCL 691.1407 *et seq.*; MSA 3.996(107) *et seq.*, grants governmental agencies broad immunity from tort liability subject to certain enumerated statutory exceptions. In addition, governmental immunity is limited by certain constitutional provisions such as the "Taking Clauses" of the Michigan Constitution (Const 1963, art 10, § 2) and United States Constitution (US Const, Am V).

In *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139; 422 NW2d 205 (1988), the participating justices of our Supreme Court in four separate opinions recognized that, in addition to the enumerated statutory exceptions to governmental immunity, an exception exists for trespass-nuisance. Although I, too, would hold that the trespass-nuisance exception survives the governmental immunity statute, I would base its viability upon the "Taking Clauses" of our constitutions rather than upon any language contained within the governmental immunity statute.

Justice BRICKLEY in *Hadfield* recognized the constitutional origins of the trespass-nuisance exception after a thorough survey of pre-1964 case law:

> As is evident from the above discussion of the early cases, the "Taking" Clause of the constitution formed the basis of the trespass-nuisance exception as it evolved prior to 1964. [*Id.* at 165.]

Largely on the basis of its constitutional ties, Justice BRICKLEY concluded that the Legislature intended the continuation of the trespass-nuisance immunity exception:

> Thus, there is a strong link between the common-law trespass-nuisance exception and the Tak-

ing Clause of the constitution. Combined with the long history of the exception, this constitutionally based policy provides a solid foundation for the reaffirmation of trespass-nuisance as a basis of governmental tort liability. The strong presence of trespass-nuisance in the case law prior to 1964, in light of its constitutional origins, persuades us that the Legislature intended, through the language of the second sentence of § 7, to preserve the exception in its established form.

Therefore, we find that plaintiffs will successfully avoid a governmental immunity defense whenever they allege and prove a cause of action in trespass or intruding nuisance. Trespass-nuisance shall be defined as trespass or interference with the use or enjoyment of land caused by a physical intrusion that is set in motion by the government or its agents and resulting in personal or property damage. The elements may be summarized as: condition (nuisance or trespass); cause (physical intrusion); and causation or control (by government). [*Id.* at 168-169.]

Other claimed exceptions to immunity such as "intentional nuisance" were not recognized by pre-1964 case law and therefore were deemed to be barred by the immunity statute:

We have limited the exception to the type of governmental nuisance liability that was recognized prior to 1964. As is evident from the historical analysis offered above, the vast majority of cases applying a nuisance exception to governmental immunity involved trespass or intruding nuisance. Utilizing the same approach, we thus reject several other versions of the exception, claimed by the plaintiffs in these cases, that would clearly extend the scope of the exception beyond that which was recognized in 1964, and would hence run contrary to legislative intent. [*Id.* at 169.]

Our Court in two post-*Hadfield* cases has fol-

lowed Justice BRICKLEY and held that there is no intentional nuisance exception to governmental immunity.

In *Giddings v Detroit,* 178 Mich App 749, 753-754; 444 NW2d 242 (1989), this Court in an unanimous opinion interpreted *Hadfield* as follows:

> In the lead opinion in *Hadfield,* Justice BRICKLEY noted that there was no pre-1964 case law recognizing an intentional nuisance exception. *Hadfield, supra,* p 170. Those pre-*Hadfield* cases which recognized an intentional tort exception appear to have done so after having analyzed *Rosario v Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978), two Supreme Court cases in which no clear majority view emerged. See, e.g., *Ford v Detroit,* 91 Mich App 333; 283 NW2d 739 (1979). Justice BRICKLEY notes however that neither *Rosario* nor *Gerzeski* represent pre-1964 case law. As such, they are not necessarily included as recognized exceptions under MCL 691.1407; MSA 3.996(107). We are not aware of any other opinion which has addressed this issue or which has cited pre-1964 authority for the viability of the intentional nuisance exception. In the absence of relevant precedent or a statement from our Supreme Court specifically recognizing the exception, we are constrained to find there is no exception to immunity under the statute where, as here, the claim is for intentional nuisance. See *Scott, supra; Garcia, supra,* (MACKENZIE, J., dissenting).
>
> This finding is consistent with the general rule that there is no intentional tort exception to governmental immunity as long as the alleged torts were committed during the performance of a governmental function activity. See *Smith v Dep't of Public Health,* 428 Mich 540, 544; 410 NW2d 749 (1987); *Eichhorn v Lamphere School Dist,* 166 Mich App 527, 547; 421 NW2d 230 (1988).

Also see *Scott v Dep't of Natural Resources,* 169

Mich App 205; 425 NW2d 518 (1988), and *Garcia v Jackson (On Remand),* 174 Mich App 373, 378-379; 435 NW2d 796 (1989) (MacKENZIE, J., dissenting).

Although I disagree with Justice BRICKLEY's interpretation of legislative intent, I agree with his conclusion that the immunity statute bars the instant claim of "intentional nuisance."

The statutory language upon which the plaintiffs rely is the last sentence of § 7, as it existed at the time of Nancy Yarrick's injury:[2]

> [T]his act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is hereby affirmed. [MCL 691.1407; MSA 3.996(107).]

Although prior immunities are deemed not to be modified or restricted, the converse pertaining to exceptions to immunity is not true. On the contrary, rather than impliedly preserving all common-law exceptions to immunity that existed prior to its enactment, the statute seeks to codify and limit immunity exceptions to those specifically enumerated. By enacting the statute, the Legislature not only overturned *Williams v Detroit,* 364 Mich 231; 111 NW2d 1 (1961), it also sought to avoid the unpredictability of the common law by codifying governmental immunity. Supplemental common-law immunity exceptions are incompatible with the comprehensive immunity scheme enacted by the Legislature.

The role of the judiciary is to construe statutes as intended by the Legislature, not rewrite them.

---

[2] 1986 PA 175 amended this sentence, which now reads: "Except as otherwise provided in this act, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed before July 1, 1965, which immunity is affirmed. [MCL 691.1407(1); MSA 3.996(107)(1).]

Irrespective of the merits of the immunity doctrine, I find no intention by the Legislature either expressed or implied to permit an exception to governmental immunity for "intentional nuisance," nor do I find a constitutional basis for such a cause of action against governmental agencies. Accordingly, I would affirm.