GARCIA v CITY OF JACKSON (ON SECOND REMAND)

Docket No. 129602. Submitted June 5, 1990, at Lansing. Decided July 8, 1991, at 9:30 A.M. Leave to appeal granted, 438 Mich 863.

Manuel Garcia, Sr., for himself and as personal representative of the estate of Javier Garcia, deceased, and others brought an action in the Jackson Circuit Court against the City of Jackson as a result of the drowning of the decedent in a river near a dam owned by the city. The court, James G. Fleming, J., granted summary disposition for the defendant, finding that the plaintiffs failed to set forth any intentional tort that would overcome the defense of governmental immunity. The Court of Appeals, BRONSON, P.J., and R. B. BURNS, J. (R. C. KAUFMAN, J., concurring), reversed, determining that the plaintiffs did state a claim of intentional nuisance that avoided the defense of governmental immunity. 152 Mich App 254 (1986). The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to that Court for reconsideration in light of *Hadfield v Oakland Co Drain Comm'r*, 430 Mich 139 (1988). 430 Mich 877 (1988). On remand, the Court of Appeals, CYNAR, P.J., and WAHLS, J. (MACKENZIE, J., dissenting), again reversed the decision of the trial court, finding that intentional nuisance had been pleaded and that *Hadfield* did not overrule the intentional nuisance exception to governmental immunity. 174 Mich App 373 (1989). The Supreme Court granted leave to appeal, limited to whether the defendant was governmentally immune from liability on the facts of the case, and ordered the case to be argued with *Li v Feldt*. 432 Mich 891 (1989). The Supreme Court decided that the Court of Appeals improperly found an exception to governmental immunity on the basis of intentional nuisance, and again reversed and remanded both *Li* and *Garcia* to the Court of Appeals to consider the existence of nuisance per se and public nuisance exceptions to immunity, and their applicability to *Li* and *Garcia* if, and to the extent that, they were properly raised before the Court of Appeals. 434 Mich 584 (1990).

On second remand, the Court of Appeals *held*:

Michigan law recognizes public nuisance and nuisance per se as exceptions to governmental immunity. The factual allegations in this case can support the claim of nuisance per se or

public nuisance sufficiently to avoid a grant of summary disposition for the defendant. It is appropriate to remand this action to afford the plaintiffs an opportunity to amend their pleadings to clearly state the law and facts being relied on in support of their action, and to give the defendant an opportunity to answer. Following argument, the lower court must determine whether the plaintiffs have pleaded a claim that constitutes nuisance per se or public nuisance.

Reversed and remanded.

MacKenzie, J., dissenting, stated that the only issue ever raised before the Court of Appeals was whether the plaintiffs pleaded a cause of action for intentional nuisance. Any further consideration of the plaintiffs' pleadings or burdening the trial court with determining whether the plaintiffs have pleaded a claim constituting a nuisance per se or public nuisance is beyond the scope of the Supreme Court's remand order. The decision of the trial court should be affirmed, because the plaintiffs have raised no issue other than the correctness of the trial court's determination that the plaintiffs failed to state a cause of action for intentional nuisance, and that determination was consistent with the Supreme Court's holding in this case after the first remand. 434 Mich 584 (1990).

*Stanton, Bullen, Nelson, Moilanen & Klaasen, P.C.* (by *Charles A. Nelson*), for the defendant.

Amicus Curiae:

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Stewart H. Freeman* and *Michael C. McDaniel,* Assistant Attorneys General, for the Attorney General.

ON SECOND REMAND

Before: Cynar, P.J., and MacKenzie and Wahls, JJ.

Cynar, P.J. Following a second remand from the Supreme Court, we again reverse the decision of the trial court.

Plaintiffs appealed as of right from an April 12, 1985, judgment of the trial court that granted the defendant's motion for summary disposition. The trial court determined that the amended complaint failed to set forth any intentional tort that would overcome governmental immunity.

The Court of Appeals in its opinion of June 2, 1986, reversed the decision of the trial court, determining that the plaintiffs did state a claim of intentional nuisance that avoided the defense of governmental immunity. *Garcia v City of Jackson*, 152 Mich App 254; 393 NW2d 599 (1986). The Supreme Court, in lieu of granting leave to appeal, vacated the Court of Appeals judgment and remanded the case to the Court of Appeals for reconsideration in light of *Hadfield v Oakland Co Drain Comm'r*, 430 Mich 139; 422 NW2d 205 (1988). 430 Mich 877 (1988).

Following the first remand by the Supreme Court, the Court of Appeals again reversed the decision of the trial court, finding that intentional nuisance had been pleaded and that *Hadfield* did not overrule the intentional nuisance exception to governmental immunity. *Garcia v City of Jackson (On Remand)*, 174 Mich App 373; 435 NW2d 796 (1989). Defendant again sought leave to appeal. The Supreme Court granted leave to appeal, limited to whether the defendant is governmentally immune from liability on the facts of the case. The Court also ordered the case to be argued with *Li v Feldt*, reported as *Li v Wong (On Remand)*, 170 Mich App 256; 428 NW2d 36 (1988). 432 Mich 891 (1989).

On April 30, 1990, the Supreme Court, while deciding that the Court of Appeals improperly found an exception to governmental immunity on the basis of intentional nuisance, again reversed and remanded this case and *Li* to the Court of

Appeals to consider the existence of nuisance per se and public nuisance as exceptions to governmental immunity and their applicability to this case and to *Li*, if and to the extent that the exceptions were properly raised in the Court of Appeals. *Li v Feldt (After Remand)*, and *Garcia v City of Jackson (After Remand)*, 434 Mich 584; 456 NW2d 55 (1990).

Following the second remand, an additional brief was received in behalf of the defendant. Further, we received the Attorney General's amicus curiae brief. We again reverse the decision of the trial court.

This action arose out of the drowning of Javier Garcia in the Grand River near the Holton Dam, located in the City of Jackson. The dam was built in the 1880s and was modified to its present configuration in the mid-1930s. The modifications included a "box section." The box section is a five-by ten-foot submerged conduit through which water flows underground for two thousand feet. The mouth of the pipe was open and unguarded by any grating. Defendant acquired Holton Dam in 1956.

Before decedent's drowning, ten-year-old Noel Jeffrey Potter drowned while swimming in the vicinity of the dam when he was suddenly sucked into the pipe and dragged under water for two thousand feet. Within thirty days after the boy's death, 1,257 residents of Jackson signed a petition urging defendant to correct and improve the dam. Garcia drowned on February 26, 1983, in the same manner as the Potter boy, but about eighteen months later. On October 10, 1983, the City of Jackson began the actual physical improvement of the dam site to enhance its safety.

The complaint filed by the plaintiffs sounded in nuisance per se and nuisance in fact. Plaintiffs filed an amended complaint that contained one

count of nuisance per se. A second amended complaint was filed. The form and substance of the second amended complaint was identical to the first amended complaint, except the caption of count I read "wilful wanton [sic] misconduct of the owner of the Holton Dam, City of Jackson" instead of "nuisance per se." Although the amended complaint did not contain the word "nuisance," the plaintiffs alleged that the defendant continued a dangerous condition, knowing the incidents of drowning were substantially certain to result from the condition.

Nuisance is a nuisance. Aside from case law opinions, past legal publications regarding nuisance lend sparse assistance in the disposition of this matter. Case law on the topic often leaves the legal practitioner, trial judge, or other reader with a feeling of being present on a ship without a rudder. Often much rereading and study of an appellate opinion is needed in trying to understand not only what is written but to determine the status of tort law applicable in the category of nuisance. When understanding is indecisive, uncertainty in handling follows.

Relying on *Li v Feldt (On Second Remand),* 187 Mich App 475; 468 NW2d 268 (1991), we conclude that Michigan law recognizes public nuisance and nuisance per se as exceptions to governmental immunity. Additionally in support of our position, we are persuaded by the concurrence of Justice BOYLE in *Hadfield, supra.*

In many cases, the problem is not in identifying nuisance, but in recognizing the type of nuisance that is contended to have occurred and whether such a labelled nuisance, if proven, will avoid the defense of governmental immunity. Because of such uncertainty in an action where liability is premised on nuisance, we feel compelled to not

only examine the label placed on the nuisance but also to examine the facts alleged in support of the nuisance before considering the propriety of a grant of summary disposition. In scrutinizing the legal basis of the pleadings, a court must take the factual allegations and reasonable inferences therefrom as true. *Martin v Michigan,* 129 Mich App 100; 341 NW2d 239 (1983). We are convinced the factual allegations in this case can support the claim of nuisance per se or public nuisance sufficiently to avoid a grant of summary disposition for the defendant.

With the posture of the pleadings, as they presently exist, we deem it appropriate to afford the plaintiffs an opportunity to amend their pleadings to clearly state the law and facts being relied on in support of their action. The defendant shall have an opportunity to answer. Following argument, the court shall rule whether plaintiffs have pleaded a claim that constitutes nuisance per se or public nuisance.

We reverse the trial court's grant of summary disposition, and remand this matter to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

WAHLS, J., concurred.

MacKENZIE, J. *(dissenting).* I disagree with the majority's conclusion that this case should be remanded to the trial court for further proceedings.

The Supreme Court remanded this case to us "to consider the existence of nuisance per se and public nuisance exceptions to immunity, and their applicability to [this case] *if, and to the extent that, they were properly raised before the Court of Appeals." Li v Feldt (After Remand) and Garcia v City of Jackson (After Remand),* 434 Mich 584, 596; 456 NW2d 55 (1990).

Throughout the six years of appellate proceedings in this case, the only issue ever raised before this Court is whether plaintiffs pleaded a cause of action for intentional nuisance. Whether or not plaintiffs' pleadings alleged a nuisance per se or public nuisance has never been "properly raised before the Court of Appeals." *Id.,* p 596. I therefore consider it beyond the scope of the Supreme Court's remand order to engage, as the majority does, in any further consideration of plaintiffs' pleadings. It is also beyond the scope of the remand order to burden the trial court with the task of deciding whether plaintiffs have pleaded a claim constituting a nuisance per se or public nuisance.

Ultimately, the trial court's determination that plaintiffs failed to state a cause of action for intentional nuisance was consistent with the Supreme Court's holding in *Li, supra.* Because plaintiffs have raised no issue other than the correctness of that determination, I would affirm.