PUTMAN v WAYNE COUNTY COMMUNITY COLLEGE (AFTER REMAND)

Docket No. 117796. Submitted June 21, 1990, at Detroit. Decided April 3, 1991; approved for publication May 22, 1991, at 9:20 A.M. Leave to appeal sought.

Michael Putman brought an action in the Wayne Circuit Court against Wayne County Community College and others, seeking damages for injuries sustained in a fall from a catwalk above the stage in an auditorium on the defendant's campus. The court, Lucile A. Watts, J., without explanation, granted summary disposition for the defendants. The plaintiff appealed, and the Court of Appeals, in an unpublished opinion per curiam, decided August 14, 1990 (Docket No. 117796), remanded the case for an articulation of the reasons for the trial court's decision. On remand, the trial court explained that the plaintiff's claim was barred by the doctrine of governmental immunity because it did not fall within the public building exception to governmental immunity.

After remand, the Court of Appeals *held:*

The trial court correctly determined that the public building exception does not apply in this case because use of or access to the catwalk was forbidden to members of the general public and was limited to certain authorized persons such as the plaintiff and the other members of his theater group.

Affirmed.

*Gittleman, Paskel, Tashman & Blumberg, P.C.* (by *Clifford Paskel*), for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe* and *Michael E. Rosati*), for the defendants.

**AFTER REMAND**

Before: DANHOF, C.J., and CYNAR and BRENNAN, JJ.

PER CURIAM. Plaintiff appeals as of right an order granting defendants' motion for summary disposition. Plaintiff, a member of a theater group, filed suit claiming that defendants negligently maintained an auditorium on the campus of the Wayne County Community College and that as a result of that negligent maintenance he fell from a catwalk in the building while assisting the theater group director, who was working above the stage. In granting summary disposition, the trial court failed to set forth the basis or reasoning for its disposition. We remanded the case to the trial court for articulation of the reasons for its decision. On remand, the trial court stated that it granted summary disposition pursuant to MCR 2.116(C)(7), on the ground that plaintiff's claim was barred by the doctrine of governmental immunity. The trial court rejected plaintiff's contention that his claim fell under the public building exception to governmental immunity. We affirm.

On appeal, plaintiff claims that the trial court erred in granting summary disposition for defendants on the ground that plaintiff's claim was barred by governmental immunity. Plaintiff maintains that his claim falls within the public building exception to the governmental immunity doctrine because the area in which he was injured was part of a public building maintained for public use and he was a member of the general public.

The public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106), applies to public buildings that are open for use by members of the public. *Taylor v Detroit*, 182 Mich App 583, 588; 452 NW2d 826 (1989). In *Taylor*, cited by the trial court, the plaintiff filed a wrongful death suit when his ten-year-old son was electrocuted after entering an electrical substation owned and

maintained by the City of Detroit. A panel of this Court found that the public building exception to governmental immunity did not apply where only authorized personnel were allowed entry into the substation and where the structure was neither designed nor intended to be accessible or used by the general public. *Id.*

Here, like in *Taylor,* the area in which plaintiff was injured was not open for use by members of the general public. The catwalk, like the electrical substation in *Taylor,* was neither designed nor intended to be used by or accessible to the general public. Only authorized persons, i.e., members of the theater group, were allowed entry to the cat-walk area. Therefore, we agree with the trial court that the public building exception to governmental immunity does not apply here and that plaintiff's claim is barred by governmental immunity.

Affirmed.