KURIAKUZ v WEST BLOOMFIELD TOWNSHIP

Docket No. 128802. Submitted April 7, 1992, at Detroit. Decided August 11, 1992; approved for publication September 30, 1992, at 9:15 A.M.

Frank and Marie Kuriakuz brought an action in the Oakland Circuit Court against West Bloomfield Township and Foxpointe Condominium Association, alleging a claim of trespass-nuisance against the township with respect to damage to their realty caused by storm water runoff from Foxpointe's adjoining condominium complex because of the inadequacy of its private storm water drainage system. The court, Barry L. Howard, J., denied summary disposition for the township, and the township appealed by leave granted.

The Court of Appeals *held:*

1. Trespass-nuisance, a recognized exception to governmental immunity, is a trespass or interference with the use or enjoyment of land caused by a physical intrusion that is set in motion by the government or its agents, resulting in personal or property damage.

2. The township properly may assert governmental immunity against the plaintiffs' claim of trespass-nuisance because it did not create the nuisance, own or control the property from which the nuisance arose, or employ another that it knew was likely to create a nuisance.

Reversed.

*Harold L. Wolkind,* for Frank and Marie Kuriakuz.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe* and *Carol A. Rosati*), for West Bloomfield Township.

*Draugelis & Ashton* (by *Michael Pollard*), for Foxpointe Condominium Association.

Before: WEAVER, P.J., and SULLIVAN and CORRIGAN, JJ.

Per Curiam. Defendant West Bloomfield Township appeals by leave granted from an April 2, 1990, order of the Oakland Circuit Court denying summary disposition. The township brought its motion under MCR 2.116(C)(7), (8), and (10), claiming, among other things, governmental immunity. We reverse.

Plaintiffs' property abuts the land of defendant Foxpointe Condominium Association. Plaintiffs claim that rain water drains from Foxpointe's property to plaintiffs' property, causing substantial damage. Defendant township reviewed and approved Foxpointe's site plan. The township neither required nor issued permits for the private storm water drainage system. The system was designed and constructed entirely by the developers. The Oakland County Drain Commission reviewed the drainage system and recommended changes with which the developers complied. The drainage system is located entirely on Foxpointe's property.

The trial court ruled that plaintiffs stated a claim against the township for trespass-nuisance, an exception to governmental immunity. We disagree.

A trespass-nuisance exception to immunity was unanimously recognized in *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139, 145 (Brickley, J.), 205 (Boyle, J.), 209 (Levin, J.), 213 (Archer, J.); 422 NW2d 205 (1988). The Court divided, however, on the definition of that cause of action. The plurality joining in Justice Brickley's opinion stated the following definition:

Trespass-nuisance shall be defined as trespass or interference with the use or enjoyment of land caused by a physical intrusion that is set in motion by the government or its agents and resulting in personal or property damage. The elements may

be summarized as: condition (nuisance or trespass); cause (physical intrusion); and causation or control (by government). [430 Mich 169.]

Justice LEVIN, while disagreeing with the plurality analysis in other respects, appears to have agreed with this definition of trespass-nuisance. *Hadfield,* p 209. That definition is, therefore, binding precedent. See *Ward v Frank's Nursery & Crafts,* 186 Mich App 120, 127; 463 NW2d 442 (1990).

We agree with defendant township that the element of causation or control is missing in this case. Although the amended complaint is not entirely clear, it appears that plaintiffs base their claim against the township on its approval of the site plan without providing an easement for discharge of water. Their claim is based on a "but for" analysis: if the township had not approved the plan, the developers could not have created the nuisance that now causes damage to plaintiffs' property. This is not sufficient causation or control to impose liability on the township.

A governmental entity is not liable for damage caused by a nuisance unless that entity has either created the nuisance, owns or controls the property from which the nuisance arose, or employed another that it knows is likely to create a nuisance. *McSwain v Redford Twp,* 173 Mich App 492, 499; 434 NW2d 171 (1988). Issuing permits that enable another to create the nuisance is not sufficient to impose liability. *Id.*

Plaintiffs in this case have not shown that the township had an affirmative duty to construct a storm drainage system, and they have not shown that the township exercised or had the right to exercise control over the private system created by the condominium developers. We agree with the Court in *McSwain* that to remove the shield of

governmental immunity in such a case would stretch the concept of liability for nuisance beyond all recognition. *Id.*, p 500.

Defendant township was entitled to judgment as a matter of law because it was immune from liability under MCL 691.1407(1); MSA 3.996(107)(1). The trial court erred in denying defendant's motion for summary disposition under MCR 2.116(C)(7). In light of our disposition of this issue, we need not address the question relating to the statute of limitations.

Reversed.