CITIZENS INSURANCE COMPANY v BLOOMFIELD TOWNSHIP

Docket No. 156133. Submitted November 16, 1994, at Detroit. Decided December 1, 1994; approved for publication March 22, 1995, at 9:05 A.M.

Citizens Insurance Company, as the subrogee of the rights of its insured, Hillside Furniture, Inc., brought an action in the Oakland Circuit Court against Bloomfield Township and others after Citizens paid Hillside for property damage suffered when a sprinkler system pipe in Hillside's building burst because of a pressure surge that resulted when an unknown vehicle struck a nearby fire hydrant. The court, David F. Breck, J., granted summary disposition for the township, finding that the trespass-nuisance exception to governmental immunity did not apply. The plaintiff appealed.

The Court of Appeals *held:*

The trespass-nuisance exception to governmental immunity encompasses a trespass or interference with the use or enjoyment of land caused by a physical intrusion that is set in motion by the government or its agents and results in personal or property damage. The elements are summarized as condition (nuisance or trespass), cause (physical intrusion), and causation or control (by government). In this case, the first two elements were established by the plaintiff. There was a sufficient factual dispute regarding the third element to require resolution by the trier of fact. The case must be reversed and remanded to the trial court for a determination by the trier of fact whether the hydrant actually was unreasonably defective.

Reversed and remanded.

GOVERNMENTAL IMMUNITY — TRESPASS-NUISANCE EXCEPTION.

A direct trespass upon, or the interference with the use or enjoyment of, land that results from a physical intrusion caused by, or under the control of, a governmental entity constitutes a compensable injury pursuant to the trespass-nui-

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability § 170.

Comment Note.—Municipal immunity from liability for torts. 60 ALR2d 1198.

sance exception to governmental immunity; the exception pertains to trespass or interference with the use or enjoyment of land caused by the government or its agents and resulting in personal or property damage; the elements applicable to the exception are condition (nuisance or trespass), cause (physical intrusion), and causation or control (by government).

*Morrison, Mahoney & Miller* (by *Jeffrey R. Learned*), for the plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *William P. Hampton* and *Lanie Anderson*), for Bloomfield Township.

Before: Hood, P.J., and JANSEN and A. T. DAVIS, JR.,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the Oakland Circuit Court granting defendant Bloomfield Township's (hereafter, defendant will be used to refer solely to Bloomfield Township) motion for summary disposition. We reverse.

On May 2, 1989, Hillside Furniture, Inc., suffered water damage when a sprinkler system pipe burst because of a pressure surge. The pressure surge resulted when an unknown vehicle struck a fire hydrant located near the shopping center area where Hillside Furniture was located. Plaintiff Citizens Insurance Company was Hillside Furniture's property insurer and it paid $342,844.11 because of the property damage. Plaintiff, as the subrogee of Hillside Furniture's rights, brought this action against defendant, the East Jordan Iron Works Company, and Tristar Fire Protection, Inc. East Jordan Iron Works manufactured the fire hydrant and Tristar Fire Protection installed the sprinkler system.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(7) and (10), arguing that it was not liable under the doctrine of governmental immunity. Plaintiff contended that the trespass-nuisance exception to governmental immunity applied and that defendant was, therefore, liable. The trial court ruled that the trespass-nuisance exception was not designed for this situation, that governmental immunity applied, and that defendant was entitled to summary disposition.

We review the trial court's grant of summary disposition de novo because we must review the record to determine if defendant was entitled to judgment as a matter of law. *Michigan Mutual Ins Co v Dowell,* 204 Mich App 81, 86; 514 NW2d 185 (1994). When reviewing a grant of summary disposition based on a finding that the claim is barred by governmental immunity, all documentary evidence submitted by the parties is to be considered. All well-pleaded allegations are accepted as true and construed in favor of the nonmoving party. *Summers v Detroit,* 206 Mich App 46, 48; 520 NW2d 356 (1994). MCR 2.116(C)(10) permits summary disposition when there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. Thus, we · must determine whether there is a material factual dispute regarding whether the trespass-nuisance exception to governmental immunity applies in this case.

The trespass-nuisance exception to governmental immunity has clearly been recognized by our Supreme Court. *Peterman v Dep't of Natural Resources,* 446 Mich 177, 204-205; 521 NW2d 499 (1994); *Li v Feldt (After Remand),* 434 Mich 584, 594; 456 NW2d 55 (1990); *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139; 422 NW2d 205 (1988). A direct trespass upon, or the interference

with the use or enjoyment of, land that results from a physical intrusion caused by, or under the control of, a governmental entity constitutes a compensable injury. This exception is defined as trespass or interference with the use or enjoyment of land caused by the government or its agents and resulting in personal or property damage. These elements are summarized as condition (nuisance or trespass), cause (physical intrusion), and causation or control (by government). *Peterman, supra,* p 205.

Plaintiff's claim is that defendant required the installation of East Jordan Iron Works fire hydrants in the parking lot outside Hillside Furniture's business. Plaintiff's theory of liability is, therefore, premised on defendant's requirement and approval of the East Jordan fire hydrants at the shopping center area. Plaintiff claims that by effectively deciding for the developers which fire hydrant to use, defendant enabled the flood to occur. Plaintiff alleges, in turn, that East Jordan negligently designed and manufactured the fire hydrant.

First, it is undisputed that defendant was involved in the operation of a governmental function. The operation of a municipal water supply system is a governmental function and the operation of the fire hydrants was under the control of the township's water and sewer department. MCL 41.331 *et seq.*; MSA 5.2599(1) *et seq.*; MCL 41.411 *et seq.*; MSA 5.2411 *et seq.* Thus, plaintiff must affirmatively establish that the trespass-nuisance exception applies.

There can be little doubt that the first two elements of trespass-nuisance have been established by plaintiff. Hillside Furniture was flooded with water because of the sprinkler system pipe that burst when the water surged through the

pipes when the fire hydrant was run over. *Peterman, supra,* p 206. At issue is whether there is sufficient causation or control to impose liability on defendant. Liability for damage caused by a nuisance may be imposed where the defendant creates the nuisance, owns or controls the property from which the nuisance arose, or employed another that it knows is likely to create a nuisance. *Kuriakuz v West Bloomfield Twp,* 196 Mich App 175, 177; 492 NW2d 757 (1992).

East Jordan Iron Works designed and manufactured the fire hydrant. Gordon Sel-Way, Inc., purchased and installed the hydrant. Defendant required that one of two fire hydrants be used, either one manufactured by East Jordan or one manufactured by Mueller. Defendant inspected the installation of the hydrant. Defendant also reviewed and approved the plan for the shopping center to ensure that the plan met the township's ordinances and specifications. Once the hydrant was installed, it was deeded to defendant and defendant then operated and maintained the hydrant. The hydrant that was struck was located on private property not under defendant's control.

We find that there is a sufficient factual dispute that must be resolved by the trier of fact. It is plaintiff's contention that the defective design and manufacture of the fire hydrant caused the valve stem to become separated at ground level thus causing a water power surge and the power surge, in turn, caused the sprinkler pipes to burst. Defendant owned and maintained the fire hydrant, and, therefore, had control of the object that caused the trespass-nuisance.

The cases relied on by defendant are easily distinguishable. In *McSwain v Redford Twp,* 173 Mich App 492; 434 NW2d 171 (1988), privately

owned septic systems failed and caused the trespass-nuisance. The defendant township issued the building or occupancy permits, but did not own, maintain, operate, or control the septic systems in any manner. In *Kuriakuz, supra,* a privately owned storm water drainage system caused flooding and damage to the plaintiffs' property. The defendant township did not have an affirmative duty to construct a storm drainage system and the defendant did not exercise any control over the system. The township's approval of the plan to build the condominium complex was not sufficient to establish causation or control.

In the present case, defendant owned and operated the fire hydrant and required its use in the development. Thus, defendant owned and controlled the fire hydrant from which the nuisance arose. See *Continental Paper & Supply Co, Inc v Detroit,* 205 Mich App 404, 407-408; 521 NW2d 844 (1994). Whether the hydrant was actually unreasonably defective will be for the trier of fact to ascertain.

Reversed and remanded for further proceedings. Jurisdiction is not retained.