STEELE v DEPARTMENT OF CORRECTIONS

Docket No. 169906. Submitted November 22, 1995, at Detroit. Decided
March 12, 1996, at 9:10 A.M. Leave to appeal sought.

Thomas Steele brought an action in the Court of Claims against
the Department of Corrections and Norman Stone, a depart-
ment employee, seeking damages for injuries sustained while
working on the renovation of a state-owned building into a
correctional facility as part of an inmate work crew supervised
by Stone. The plaintiff alleged that the public building excep-
tion to governmental immunity from tort liability applied to
his action. The plaintiff also alleged gross negligence, nuisance,
and violations of 42 USC 1983 and US Const, Ams VIII, XIV.
The court, Lawrence M. Glazer, J., granted summary disposi-
tion for the defendants. The plaintiff appealed.

The Court of Appeals *held:*

1. The public building exception applies when the building in
question is open for use by members of the public. Because the
building in which the plaintiff was injured was not open to the
public, summary disposition for the department was proper.

2. The trial court correctly determined that Stone was not
subject to its jurisdiction. Stone was not a state officer, i.e., an
executive officer of a state department or commission, who
would be subject to the jurisdiction of the Court of Claims.

3. In the absence of adequate allegations that Stone had
acted in bad faith, Stone was entitled to qualified immunity
from the tort claims raised by the plaintiff. The plaintiff's claim
under 42 USC 1983 fails because the plaintiff has not estab-
lished deliberate indifference on Stone's part.

Affirmed.

GOVERNMENTAL IMMUNITY — PUBLIC BUILDING EXCEPTION.

The public building exception to governmental immunity from
tort liability applies only to those buildings that are open for
use by members of the public (MCL 691.1406; MSA 3.996[106]).

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability
§ 294.
See ALR Index under Governmental Immunity or Privilege.

*Foster Meadows & Ballard P.C.* (by *Michael J. Liddane*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Allan J. Soros,* Assistant Attorney General, for the defendants.

Before: CAVANAGH, P.J., and TAYLOR and J. L. MARTLEW,* JJ.

PER CURIAM. Plaintiff appeals as of right orders by the trial court granting defendant's motions for summary disposition pursuant to MCR 2.116(C)(4), (7), and (8). We affirm.

In March 1986, plaintiff was a prison inmate. Plaintiff was a member of a work crew from the Department of Corrections under the supervision of Norman Stone. On March 25, 1986, plaintiff's work crew was involved in the renovation of a state building into a correctional facility. Plaintiff was paired with another inmate, Tom Knox. Because Knox had more experience than plaintiff, Knox directed plaintiff's work. Knox instructed plaintiff to go to the attic of the building to install a vent pipe. The attic was illuminated by a single bulb. The attic floor was not visible because it was covered with insulation. Plaintiff was walking toward what appeared to be the hole that had previously been drilled when he slipped on a heating duct and fell approximately twelve feet through a drop ceiling. Plaintiff broke two bones in his wrist, and his right heel was shattered. Afterward, it was determined that plaintiff had been moving in the wrong direction; if he had been in the correct area, he would have been walking on a solid surface.

On May 2, 1991, plaintiff filed a complaint

---

* Circuit judge, sitting on the Court of Appeals by assignment.

against defendant and Stone in the Court of Claims. Plaintiff alleged that his injuries were the result of a defect in a public building, gross negligence, nuisance, and violations of 42 USC 1983 and the Eighth and Fourteenth Amendments of the United States Constitution. On February 11, 1993, defendant and Stone moved for summary disposition. The trial court granted the motion with respect to all counts except the alleged public building defect. The trial court also dismissed Stone as a defendant.

After the release of *Smith v Michigan,* unpublished memorandum opinion of the Court of Appeals, issued June 25, 1993 (Docket No. 134714), defendant renewed its motion for summary disposition. The trial court found *Smith* indistinguishable from the present case with regard to the issue of accessibility and accordingly granted defendant's motion for summary disposition. The order incorporating this ruling was entered on October 20, 1993.

This Court reviews de novo as a question of law an order granting or denying summary disposition. *Turner v Mercy Hosps & Health Services of Detroit,* 210 Mich App 345, 348; 533 NW2d 365 (1995). When reviewing a motion for summary disposition under MCR 2.116(C)(4), this Court must determine whether the pleadings demonstrate that the defendant was entitled to a judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact. *Faulkner v Flowers,* 206 Mich App 562, 564; 522 NW2d 700 (1994).

MCR 2.116(C)(7) tests whether a claim is barred because of immunity granted by law. In order to survive a motion for summary disposition based on governmental immunity, the plaintiff must allege facts justifying the application of an exception to

governmental immunity. *Johnson v Wayne Co,* 213 Mich App 143, 158; 540 NW2d 66 (1995).

A summary disposition motion brought pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the plaintiff's complaint and should be granted only if the claims are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Rogalski v Tavernier,* 208 Mich App 302, 304; 527 NW2d 73 (1995).

I

Plaintiff argues that the trial court erred in holding that the public building exception to governmental immunity did not apply. The public building exception to governmental immunity provides in part:

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. [MCL 691.1406; MSA 3.996(106).]

The purpose of this exception is to protect the general public from injury by imposing a duty on the government to maintain safe public buildings. *Bush v Oscoda Area Schools,* 405 Mich 716, 731-732; 275 NW2d 268 (1979). The scope of the exception is narrowly drawn. *Hall v Detroit Bd of Ed,* 186 Mich App 469, 470; 465 NW2d 12 (1990).

A five-part test determines whether the public

building exception governs a particular case. A plaintiff must prove that (1) a governmental agency is involved, (2) the public building in question is open for use by members of the public, (3) a dangerous or defective condition of the public building exists, (4) the governmental agency had actual or constructive knowledge of the alleged defect, and (5) the governmental agency failed to remedy the alleged defective condition after a reasonable period. *Jackson v Detroit,* 449 Mich 420, 428; 537 NW2d 151 (1995).

The public building exception applies only when a building is open for use by members of the public. *Jackson, supra; Taylor v Detroit,* 182 Mich App 583, 588; 452 NW2d 826 (1989).[1] The focus is on the accessibility to members of the general public, rather than on the extent to which the building might benefit the community. *Griffin v Detroit,* 178 Mich App 302, 306; 443 NW2d 406 (1989).

Plaintiff relies on *Green v Dep't of Corrections,* 386 Mich 459, 464; 192 NW2d 491 (1971), in which the Supreme Court held that, despite their incarceration, prisoners are members of the public. However, we believe the facts of this case are more analogous to those presented in *Smith, supra,* and *Dudek v Michigan,* 152 Mich App 81; 393 NW2d 572 (1986). In *Dudek,* this Court held that where a construction worker is injured in a public building in the course of renovation activity, the public building exception does not apply. *Id.* at 86.

In *Smith, supra,*[2] a prisoner was injured while

---

[1] See also *Andrews v Detroit,* 450 Mich 874 (1995).

[2] Plaintiff argues that the trial court erred in relying on *Smith.* Plaintiff asserts that the trial court improperly treated *Smith* as binding legal precedent. We disagree. The trial court clearly recognized that *Smith* has no precedential value and that it was not required to follow *Smith.* Nevertheless, contrary to plaintiff's implicit

working in the basement of a housing unit in a correctional facility. The basement was inaccessible to the general prison population. The *Smith* panel concluded that the public building exception did not apply to injuries sustained in a basement not open to members of the public. We, as did the trial court, find the reasoning in *Smith* to be persuasive.

The public building exception is applicable to buildings with limited access, such as schools and prisons. See, e.g., *Bush, supra; Green, supra.* However, the exception does not apply to buildings that are specifically closed to members of the public. *Dudek, supra.* Because the building in which plaintiff was injured was not open to the public during renovations, the trial court properly granted the department's motion for summary disposition.

II

Plaintiff next argues that the trial court erred in ruling that Stone was not subject to the court's jurisdiction because he was not a policy-making state official. We find no error. The Court of Claims has exclusive jurisdiction to hear claims against the state and any of its departments, commissions, boards, institutions, arms, or agencies. MCL 600.6419; MSA 27A.6419. The jurisdiction of the Court of Claims also extends to suits against state officers when the officer was acting in an official capacity when the acts at issue were committed. *Kell v Johnson,* 186 Mich App 562, 564; 465 NW2d 26 (1990). State officers are the executive officers of state departments or commis-

---

assertion, a court is free to find the reasoning of an unpublished case persuasive. See *Jackhill Oil Co v Powell Production, Inc,* 210 Mich App 114, 118; 532 NW2d 866 (1995).

sions. *Burnett v Moore,* 111 Mich App 646, 648; 314 NW2d 458 (1981). In determining whether an individual qualifies as a "state officer," the primary focus is on the degree of discretion and independence associated with the position. *Lowery v Dep't of Corrections,* 146 Mich App 342, 348; 380 NW2d 99 (1985).

Plaintiff asserts that because Stone was the supervisor of the renovation project and had a great deal of discretion in the management of the project, he should be considered a state officer subject to the jurisdiction of the Court of Claims. We disagree. Stone was the supervisor of the renovation project and, according to his deposition testimony, had a considerable amount of discretion in that role. However, Stone was not an executive officer of a state department or commission. Accordingly, the trial court did not err in determining that Stone was not a state officer subject to the jurisdiction of the Court of Claims.

### III

Finally, plaintiff argues that the trial court erred in dismissing the tort claim and the claim under 42 USC 1983 against Stone. As discussed in the previous issue, the Court of Claims did not have jurisdiction over Stone. However, we briefly note that plaintiff failed to adequately allege that Stone acted in bad faith. Consequently, Stone was entitled to qualified immunity under *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 592; 363 NW2d 641 (1984).[3] Furthermore, plaintiff's claim under 42 USC 1983 fails because he has

---

[3] Because plaintiff's claim arose before July 1, 1986, the Ross test for individual immunity applies, rather than the amended immunity statute, MCL 691.1407; MSA 3.996(107). *Abraham v Jackson,* 189 Mich App 367, 369-370; 473 NW2d 699 (1991).

not established deliberate indifference on Stone's part. See *Hickey v Zezulka (On Resubmission),* 439 Mich 408, 428; 487 NW2d 106 (1992).

Affirmed.