BROWN v GENESEE COUNTY BOARD OF COMMISSIONERS

Docket No. 179788. Submitted August 6, 1996, at Detroit. Decided March 21, 1997, at 9:00 A.M. Leave to appeal sought.

Chester E. Brown, Jr., brought an action in the Genesee Circuit Court against the Genesee County Board of Commissioners, seeking damages for injury he sustained while an inmate of the Genesee County Jail when he slipped and fell on a wet floor after taking a shower. The plaintiff pleaded the public building exception to governmental immunity from tort liability, alleging that the shower area was defective or dangerous. The court, Judith A. Fullerton, J., granted summary disposition for the defendant, ruling that the public building exception does not apply in this case. The plaintiff appealed.

The Court of Appeals *held*:

Among the requirements of the public building exception is that the building in question be open for use by members of the public. That requirement is not met in this case because the shower area was not open to the public but only to inmates housed near the shower and to supervisory or cleaning crews assigned to the area.

Affirmed.

GOVERNMENTAL IMMUNITY — PUBLIC BUILDING EXCEPTION — JAILS

A shower facility in a county jail, access to which is limited to inmates and supervisory and cleaning personnel, is not open to the public and therefore is not encompassed by the public building exception to governmental immunity from tort liability; a tort action by an inmate against the county government for injury suffered in such a facility is barred by governmental immunity (MCL 691.1406; MSA 3.996[106]).

*Schreier & Weiss, P.C.* (by *Mark Schreier* and *Alyce M. Haas*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *H. William Reising*), for the defendant.

Before: TAYLOR, P.J., and MARKEY and N. O. HOLOWKA*, JJ.

MARKEY, J. Plaintiff appeals as of right from the trial court's order granting summary disposition for defendant pursuant to MCR 2.116(C)(7) on the basis that defendant was entitled to governmental immunity. We affirm.

While incarcerated at the Genesee County Jail in March 1993, plaintiff was injured when, after showering, he slipped and fell on a wet floor. In plaintiff's complaint, which was predicated on the public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106), he alleged that the shower area of defendant's jail was defectively designed or dangerously maintained in light of improper water drainage and the absence of a shower curtain to prevent the floor from becoming wet and slippery. Defendant moved for, and the trial court granted, summary disposition. The court reasoned that the situs of plaintiff's fall (the shower area) did not come within the public building exception because members of the general public were denied access to the inmate shower area. Plaintiff appeals from that determination.

This Court reviews a trial court's grant or denial of summary disposition de novo to determine if the moving party was entitled to judgment as a matter of law. *Citizens Ins Co v Bloomfield Twp*, 209 Mich App 484, 486; 532 NW2d 183 (1995). When the motion is brought under MCR 2.116(C)(7), the pleadings, together with all documentary evidence submitted,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

are reviewed in a light most favorable to the nonmoving party to determine whether the moving party has established that it is entitled to governmental immunity. *Id.*; *Wade v Dep't of Corrections*, 439 Mich 158, 162-163; 483 NW2d 26 (1992). In order to survive a motion brought under this subrule, the plaintiff must allege facts that justify an exception to governmental immunity. *Wade, supra*; *Steele v Dep't of Corrections*, 215 Mich App 710, 712-713; 546 NW2d 725 (1996).

Plaintiff first contends that the trial court erred in finding that the prisoner shower area of the Genesee County Jail was not, as a matter of law, open for use by members of the public under the public building exception contained in MCL 691.1406; MSA 3.996(106). We disagree.

While generally immune from tort liability pursuant to MCL 691.1407; MSA 3.996(107), governmental agencies are liable for injuries arising out of dangerous or defective public buildings. MCL 691.1406; MSA 3.996(106). The public building exception to governmental immunity provides in part:

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. [MCL 691.1406; MSA 3.996(106).]

Before the public building exception will apply to pierce the shield of governmental immunity, the plaintiff must prove that (1) a governmental agency is

involved, (2) the public building in question is open for use by members of the public, (3) a dangerous or defective condition of the building itself exists, (4) the governmental agency had actual or constructive knowledge of the defect, and (5) the governmental agency failed to remedy the alleged defective condition after a reasonable period. *Jackson v Detroit*, 449 Mich 420, 428; 537 NW2d 151 (1995); *Steele, supra* at 713-714.

The purpose of the building exception to governmental immunity is to protect the general public from injury by imposing a duty on the government to maintain safe public buildings but not necessarily safety in public buildings. *Steele, supra; Carlton v Dep't of Corrections*, 215 Mich App 490, 493-494; 546 NW2d 671 (1996). Accordingly, with respect to this issue, the focus of the trial court's and this Court's inquiry is on the "accessibility [of the accident site] to members of the general public, *rather than on the extent to which the building might benefit the community*." *Steele, supra* at 714 (emphasis added); *Griffin v Detroit*, 178 Mich App 302, 306; 443 NW2d 406 (1989).

As in *Steele*, where the prisoner-plaintiff was injured while renovating a state-owned building for future use as a correctional facility, plaintiff relies on *Green v Dep't of Corrections*, 386 Mich 459, 464; 192 NW2d 491 (1971) (*Green II*). In *Green II*, our Supreme Court affirmed this Court's findings that prisons or jails were public buildings and prisoners were members of the general public despite their incarceration, thereby permitting a prisoner to successfully pursue relief from the Department of Corrections for a finger amputation he suffered while working in a prison shop. *Green v Dep't of Correc-*

*tions,* 30 Mich App 648, 654; 186 NW2d 792 (1971) (*Green I*). Both *Green* decisions defined a public building as "one which exists as a benefit to the whole community and is operated and maintained by the governing body of that same community." *Green II, supra* at 464, citing *Green I, supra* at 654. In finding that the plaintiff was a member of the public community whether he was in or out of jail for purposes of the public building exception, this Court did not rely on prior precedent but merely observed that "[t]he difference [is] that when incarcerated, he is prevented, by law, from exercising the rights and privileges he enjoyed as a free member of society." *Green I, supra* at 654-655. Further, in footnote 7, this Court also distinguished between and defined the terms "private" and "public" in order to show that the plaintiff was not a private citizen while incarcerated, so he must be a public citizen. *Id.*

More recently, however, the boundaries of governmental immunity and the public building exception have been redefined. Our Supreme Court in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), explained that the statutory grant of governmental immunity must be broadly construed and its exceptions narrowly drawn. *Chaney v Dep't of Transportation*, 447 Mich 145, 154; 523 NW2d 762 (1994); *Wade, supra* at 166. Indeed, "the scope of this [public building] exception has been narrowed considerably in the time since [1978]." *Puroll v Madison Heights*, 187 Mich App 672, 673; 468 NW2d 52 (1990); see also *Wade, supra* at 167. In light of the test currently applied to establish the public building exception and the impact of *Ross* on governmental immunity cases, we find that the decisions in *Green*

are not controlling here and that the trial court did not err in granting summary disposition for defendant.

The five-part test for applying the public building exception requires that "the public building in question is open for use by members of the public" and that the trial court focus on the "accessibility to members of the general public, *rather than on the extent to which the building might benefit the community.*" *Steele, supra* at 713-714 (emphasis added). In contrast, the Supreme Court in *Green II, supra* at 464, adopted this Court's definition of a public building as "one which exists as a benefit to the whole community and is operated and maintained by the governing body of that same community." *Green I, supra* at 654. Notably, both our Supreme Court in *Jackson, supra,* and this Court in *Steele, supra,* have reverted to a more narrow construction of the public building exception than that which was applied before *Ross.* We must do the same. Assuming, arguendo, that although the jail building where plaintiff was incarcerated is a public building, the shower area where plaintiff fell is not "open for use by members of the public" or accessible to members of the general public. *Steele, supra; Griffin, supra.* Thus, we must conclude that the public building exception does not apply here. See also *Andrews v Detroit,* 450 Mich 875 (1995), where the Supreme Court ruled that the Detroit Wastewater Plant was not a building open for use by members of the public.

Plaintiff argues that, as stated in *Green II, supra* at 464, he and the other inmates are members of the public community even though they cannot exercise the rights and privileges enjoyed by free members of

society. In light of *Ross'* mandate that we narrowly construe the exceptions to governmental immunity, and in view of the fact that this issue has no effect on our decision today, we need not address it. The trial court herein relied on two cases that support this conclusion: *Putman v Wayne Co Community College (After Remand)*, 189 Mich App 557, 558-559; 473 NW2d 711 (1991), and *Taylor v Detroit*, 182 Mich App 583, 588; 452 NW2d 826 (1989). In *Taylor*, the plaintiff's son was electrocuted after he entered an electrical substation that the city owned and operated. This Court found that the public building exception was inapplicable because only authorized persons were allowed entry into the substation and the structure was not designed or intended to be accessible to the general public. *Id.* In *Putman, supra*, this Court relied on *Taylor, supra*, to find that the area where the plaintiff was injured, i.e., a catwalk above a stage, was neither designed nor intended to be used by or to be accessible to the general public. "Only authorized persons, i.e., members of the theater group, were allowed entry to the catwalk area." *Putman, supra* at 559. Accord *Griffin, supra* at 306-308[1] ("In applying the public buildings exception, the focus is on the accessibility of members of the general public *to the situs of the accident* rather than on the extent to

---

[1] In *Griffin, supra*, the plaintiff's decedent apparently fell in the bathtub of her apartment located in the city's housing projects when a supporting railing affixed near the bathtub gave way; the woman drowned in the bathtub. This Court found that the bathroom of the dwelling unit where the injury occurred was not open for use by the public even though the housing complex constituted a public building. Rather, it was only open to the decedent as part of her private residence pursuant to her lease. Accordingly, the public building exception to governmental immunity was inapplicable, and the defendant was entitled to summary disposition. *Id.* at 306-308.

which the building may benefit the community") (emphasis added).

Applying the same reasoning to the case at bar, we believe that the shower area of the jail was open only for certain individuals, i.e., inmates housed in the vicinity of the shower who were assigned to bathe there and any supervisory or cleaning crews scheduled to oversee or maintain the area. The shower area was not designed to be used by or to be accessible to members of the general public; this was not a public restroom.[2] *Putman*, *Taylor*, and *Griffin* clearly instruct us that the situs of the accident is key, and areas where the public cannot visit without proper authorization do not fall within the public building exception.

Plaintiff also argues that the *Green* cases must be followed because our Supreme Court has had two opportunities to overrule them but has declined to do so. *Wade, supra* at 166-170; *Hickey v Zezulka (On Resubmission)*, 439 Mich 408, 420-427; 487 NW2d 106 (1992). In light of the fact that neither case addressed what we believe to be the implicit public accessibility requirement of the public building exception, we are not persuaded by this argument. Likewise, we do not

---

[2] Cf. *Williamson v Dep't of Mental Health,* 176 Mich App 752, 759-760; 440 NW2d 97 (1989), where this Court found that the public building exception applied regarding a mental health inpatient shower facility "in light of the use for which the shower and bathing facilities was specifically assigned; that is, the bathing and showering place for a known epileptic and mildly retarded patient subject to convulsions which occured [sic] without warning whom the staff was well aware was at risk for drowning if subject to a seizure while taking a bath." The institution's water flow system for the shower was also "complex and unwieldy." To the extent our decision conflicts with *Williamson,* we believe it was wrongly decided and is not binding on us under Administrative Order No. 1996-4.

believe that the Supreme Court implicitly found that a hallway at the Lakeland Correctional Facility in *Wade* or the Michigan State University Department of Public Safety holding cell in *Hickey* constituted areas of a public building open to members of the public under MCL 691.1406; MSA 3.996(106). Rather, in *Wade* and *Hickey*, our Supreme Court apparently addressed only the "dangerous or defective condition" prong of the public building analysis. After finding that this prong was not satisfied, it had no need to address the remaining requirements. Not infrequently does judicial expediency mandate addressing issues according to their ease of resolution. See, e.g., *Strickland v Washington*, 466 US 668, 697; 104 S Ct 2052; 80 L Ed 2d 674 (1984) ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed"). Here, for the same reason, we begin and end our analysis of this case with the second prong of the test. Therefore, we cannot draw any negative or implied inferences from *Wade* and *Hickey*.

Accordingly, we find that the trial court did not err in granting defendant's motion for summary disposition. The situs of plaintiff's accident was not an area open to the public within a public building, *Jackson, supra; Steele, supra; Griffin, supra,* so defendant was entitled to judgment as a matter of law because plaintiff failed to establish an exception to governmental immunity. *Steele, supra* at 712-713.

Plaintiff additionally contends that the trial court erred in ruling sua sponte that the allegedly defective shower conditions that caused his injuries fell outside the purview of the public building exception because

they were transitory, not dangerous or defective conditions of the building itself. *Wade, supra* at 170. In light of our decision upholding the grant of summary disposition in favor of defendant for the reasons previously discussed, we need not review this issue on appeal.

Affirmed.