Corrigan, C.J.
We granted leave to consider whether an inmate, who claims that a dangerous or defective condition in a jail caused injuries, may avoid governmental immunity for tort liability under the statutory exception for public buildings, MCL 691.1406. The trial court granted summary disposition to defendant-county, but the Court of Appeals reversed and held that a jail falls within the exception.
We would reverse the Court of Appeals decision and reinstate the trial court’s grant of summary disposition to defendant. Although a jail is “open for use by members of the public,” an inmate is not a member of the “public” as contemplated by the Legislature when it enacted the public building exception to governmental immunity.
1. UNDERLYING FACTS AND PROCEDURAL HISTORY
Plaintiff, an inmate in the Genesee County jail, injured himself when he slipped on water near a shower stall. He sued the county under the public building exception, MCL 691.1406. He alleged that improper drainage and the absence of a shower curtain had caused water to accumulate on the floor.[1]
*433 The trial court granted summary disposition to defendant under MCR 2.116(C)(7) on the ground that the public building exception did not apply. The Court of Appeals initially affirmed. 222 Mich App 363; 564 NW2d 125 (1997). It observed that the shower area of the jail was not open to members of the public. This Court then remanded the case to the Court of Appeals for reconsideration in light of Kerbersky v Northern Mich Univ, 458 Mich 525; 582 NW2d 828 (1998). 459 Mich 881 (1998).
On remand, the Court of Appeals reversed. 233 Mich App 325; 590 NW2d 603 (1998). It noted that Kerbersky mandates analysis of the public’s access to the building itself, not the specific accident site within the building. The Court of Appeals assumed that a jail is open for use by members of the public. Defendant now appeals.
n. STANDARD OF REVIEW
We review the grant or denial of a motion for summary disposition de novo. Maiden v Rozwood, 461 Mich 109, 118; 597 NW2d 817 (1999). MCR 2.116(C)(7) permits summary disposition where immunity granted by law bars a claim. Courts must consider documentary evidence submitted by the parties. Glancy v Roseville, 457 Mich 580, 583; 577 NW2d 897 (1998). We review de novo questions of statutory interpretation. Donajkowski v Alpena Power Co, 460 Mich 243, 248; 596 NW2d 574 (1999).
in.. ANALYSIS A. GOVERNMENTAL IMMUNITY
Absent a statutory exception, a governmental agency is immune from tort liability when it exercises *434 or discharges a governmental function. MCL 691.1407(1). A governmental function is “an activity which is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law.” MCL 691.1401(f).
MCL 45.16 expressly mandates operation of jails: “each organized county shall, at its own cost and expense, provide at the county seat thereof ... a suitable and sufficient jail . . . and keep the same in good repair.” Defendant thus enjoys general immunity from tort liability in its maintenance and operation of the county jail. See Jackson v Saginaw Co, 458 Mich 141, 148; 580 NW2d 870 (1998).
B. PUBLIC BUILDING EXCEPTION
Several statutory exceptions to immunity exist.[2] This case implicates the public building exception:
Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or take action reasonably necessary to protect the public against the condition. [MCL 691.1406.]
For this exception to apply, a plaintiff must demonstrate:
*435 (1) a governmental agency is involved, (2) the public building in question was open for use by members of the public, (3) a dangerous or defective condition of the public building itself exists, (4) the governmental agency had actual or constructive knowledge of the alleged defect, and (5) the governmental agency failed to remedy the alleged defective condition after a reasonable period or failed to take action reasonably necessary to protect the public against the condition after a reasonable period. [.Kerbersky, supra at 529.]
Today we would hold that the plain statutory language also requires that the party seeking relief be a member of the “public.”
1. WAS THE JAIL OPEN FOR USE BY MEMBERS OF THE PUBLIC?
Mere public ownership of a structure does not satisfy the express language of the public building exception. A building must also be open for use by members of the public. Kerbersky, supra at 533.[3] When determining the public’s access, we analyze the building itself, not the specific accident site within the building. Id. at 527.
Plaintiff claims to have injured himself near a shower stall in defendant’s jail. Under Kerbersky, we examine the public’s access to the jail rather than the shower area. Id.
Green v Dep’t of Corrections, 386 Mich 459; 192 NW2d 491 (1971), held that a jail falls within the *436 scope of the statutory exception.[4] In other decisions, this Court has implicitly assumed as much. See, e.g., Wade v Dep’t of Corrections, 439 Mich 158; 483 NW2d 26 (1992).
We would reaffirm that a jail is open for use by members of the public. Family, friends, and attorneys may generally visit inmates. Members of the public may also enter a jail for other reasons, e.g., to apply for a job or make a delivery.
The fact that public access to a jail is limited does not alter our conclusion. Schools fall within the exception even though members of the public may not enter whenever and wherever they please. See Sewell v Southfield Public Schools, 456 Mich 670; 576 NW2d 153 (1998); Bush v Oscoda Area Schools, 405 Mich 716; 275 NW2d 268 (1979). The public building exception applies to buildings with limited access, including schools and prisons. Kerbersky, supra at 534; Steele v Dep’t of Corrections, 215 Mich App 710, 715; 546 NW2d 725 (1996).
2. IS A JAIL INMATE A MEMBER OF THE PUBLIC?
We next consider whether an inmate is a member of the “public” who may avoid immunity under the public building exception. To answer this question, we examine the statutory text.
*437 a. RELEVANT PRINCIPLES OF STATUTORY INTERPRETATION
Sun Valley Foods Co v Ward, 460 Mich 230, 236; 596 NW2d 119 (1999), articulated the proper mode of interpretation:
The rules of statutory construction are well established. The foremost rule, and our primary task in construing a statute, is to discern and give effect to the intent of the Legislature. Murphy v Michigan Bell Telephone Co, 447 Mich 93, 98; 523 NW2d 310 (1994). See also Nation v W D E Electric Co, 454 Mich 489, 494; 563 NW2d 233 (1997). This task begins by examining the language of the statute itself. The words of a statute provide “the most reliable evidence of its intent . . . .” United States v Turkette, 452 US 576, 593; 101 S Ct 2524; 69 L Ed 2d 246 (1981). If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted. Tryc v Michigan Veterans’ Facility, 451 Mich 129, 135; 545 NW2d 642 (1996).
“Contextual understanding of statutes is generally grounded in the doctrine of noscitur a sociis: ‘[i]t is known from its associates,’ see Black’s Law Dictionary (6th ed), p 1060. This doctrine stands for the principle that a word or phrase is given meaning by its context or setting.” Tyler v Livonia Schools, 459 Mich 382, 390-391; 590 NW2d 560 (1999).
Also, when construing a statute, we presume that every word has meaning; our interpretation should not render any part of the statute nugatory. People v Borchard-Ruhland, 460 Mich 278, 285; 597 NW2d 1 (1999).
*438 b. INTERPRETATION
The first sentence of the public building exception articulates the governmental agency’s duty (“to repair and to maintain public buildings”) and a limitation of that duty (“when [the buildings are] open for use by members of the public”). As discussed above, the limiting phrase explicitly restricts the types of buildings to which the duty extends. Unless a building is open for use by members of the public, it does not fall within the exception. But this phrase also limits implicitly the class of persons who may sue. It excludes persons who are not members of the public, i.e., those persons who are not present in the building as potential invitees.
The Legislature simply could have ended the first sentence of the statute after it articulated the duty owed by governmental agencies. It instead set forth a limitation of the duty. The Legislature would not have limited the duty to buildings that are open to members of the public if it had intended to protect persons who are not members of the public.
By including the public within the protected class, the Legislature implicitly excluded persons who are not members of the public. See Hoste v Shanty Creek Management, Inc, 459 Mich 561, 572, n 8; 592 NW2d 360 (1999) (the express mention of one thing in a statute impliedly excludes other similar things). Thus, allowing anyone to sue would effectively nullify the limiting phrase.
Read in context, therefore, the duty created in the statute protects members of the public from dangerous and defective conditions in public buildings. We decline to read the statutory language out of context *439 or to “stretch” the common, ordinary meaning of the words to include a class of persons whom the Legislature expressed no intent to protect.[5]
Jail inmates are not members of the public for purposes of the public building exception.[6] Unlike a person who enters a jail, e.g., to meet with an inmate, make a delivery, or apply for a job, an inmate does not visit a jail as a potential invitee. Instead, inmates are legally compelled to be there. Inmates thus are not within the class of persons the Legislature intended to protect from defects in public buildings.[7]
It is undisputed that plaintiff was an inmate when he injured himself near a shower stall in defendant’s jail. He therefore was not a member of the public for purposes of the public building exception.[8]
*440 IV. CONCLUSION
A jail is open for use by members of the public. However, jail inmates are not members of the public and thus cannot avoid governmental immunity under the public building exception. Accordingly, we would reverse the Court of Appeals decision and reinstate the trial court’s grant of summary disposition for defendant.
Weaver and Young, JJ., concurred with Corrigan, C.J.

 Our resolution of this case does not require us to consider whether a structural defect, as opposed to a transitory condition, caused the accident. Cf. Wade v Dep’t of Corrections, 439 Mich 158; 483 NW2d 26 (1992).

 They include: the highway exception, MCL 691.1402; the motor vehicle exception, MCL 691.1405; the public building exception, MCL 691.1406; the proprietary function exception, MCL 691.1413; and the governmental hospital exception, MCL 691.1407(4).

 Examples of publicly owned buildings that are not open for use by members of the public include: a city-owned apartment used as a private residence, Griffin v Detroit, 178 Mich App 302; 443 NW2d 406 (1989); a publicly owned braiding that is closed for renovations, Dudek v Michigan, 152 Mich App 81; 393 NW2d 572 (1986); and a locked building that was not designed for public access, Taylor v Detroit, 182 Mich App 583; 452 NW2d 826 (1989).

 While we agree with Green that a jail is subject to the public building exception, we do not approve the reasoning in that decision. This Court in Green failed to analyze whether a jail is open for use by members of the public. Moreover, for reasons discussed below, we would overrule Green to the extent that it treats inmates as members of the “public” for purposes of the statutory exception.

 Our concurring colleague believes that a person who is not a member of the public may sue for injuries that occur in an area of a public building that is open to the public. The statutory text, however, plainly refers to buildings that are open to members of the public, it does not refer to areas of public buildings that are open to persons who are not members of the public. Moreover, Kerbersky, supra, held that the situs of an injury in a public building is not relevant.

 Our concurring colleague agrees that an inmate is not a member of the public, but relies on different language in the statute to reach that conclusion.

 Our proposed holding today is limited to jail inmates; we offer no view regarding other classes of persons. It is worth observing, however, that unlike jail inmates, students attending a public school are not legally compelled to be there. They have other choices, including charter schools, private schools, and home schooling.

 The dissent offers no analysis of the text of the public building exception to support its view that inmates are “members of the public.” Instead, the dissent relies on the “logic” in Green, supra, and dicta from other cases.
Our duty to honor the intent of the Legislature, as expressed in unambiguous statutory text, is paramount. This Court in Green offered no analysis to support its assertion that an inmate “is a member of the public community.” Id. at 464. As we have explained, treating inmates as “members of the public” would nullify the limiting phrase in the public building *440 exception. We decline to elevate an isolated, conclusory assertion in Green above the plain language of the public building exception.